**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | ) Chapter 7 ) |
| MOHAMMAD A. CHUGHTAI and FARZANA A. CHUGHTAI, | ) Case No. 15-17133 (ELF) ) |
| Debtors. | ) ) |

**APPLICATION OF THE CHAPTER 7 TRUSTEE TO RETAIN**
**BK GLOBAL REAL ESTATE SERVICES TO PROCURE**
**CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 AND 330**

Gary F. Seitz, Esquire, the chapter 7 trustee (the "Chapter 7 Trustee") of the bankruptcy estate of the above-captioned Debtors (the "Debtors"), hereby respectfully submits this application (the "Application") for entry of an order authorizing retention of BK Global Real Estate Services ("BKRES"). In support thereof, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

The Trustee requests approval to retain BKRES, at no cost to the estate, to negotiate with and persuade the first lien holder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. § 506 surcharge to provide a carve out for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission to BKRES upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered Property and provide

significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

BKRES will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive a customary brokerage commission that is paid by secured creditor as an 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES to pursue a Consented Sale™ will likely result in secured creditor paying a carve out for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain Secured Creditor's agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meeting of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On October 2, 2015 (the "Petition Date"), the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

4. On January 20, 2016 (the "Conversion Date"), the case was converted to a Chapter 7 proceeding.

5. On January 21, 2016, Gary F. Seitz was appointed the Chapter 7 Trustee by the United States Trustee.

6. The Trustee held and concluded the 341 meeting on April 14, 2016.

7. The Debtors are the sole owners of various parcels of real property; one of which is located at 3860 Mettler Lane, Huntingdon Valley, PA 19006 (the "Property").

8. The Debtors scheduled the Property with a value of $475,000.00.

9. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES, has determined it to be in the best interest of the Debtors' estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to do the following, with the provision that BKRES shall not participate in the sale and purchase of any estate property except as hired brokers:

   a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

   b. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

   c. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtors' estate.

10. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES to procure Secured Creditor's Consent, and (b) approve Secured Creditor's payment of the fees described below directly to

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

BKRES at closing of the Sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

## APPLICATION

11.     Section 328(a) of the Bankruptcy Code provides, in relevant part, that a trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee...or a professional person employed under section 327... (a) reasonable compensation for actual, necessary services rendered [by such party]... and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

12.     As further described in the materials attached to their affidavits, BKRES[2] has extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

13.     The Trustee believes that the highest and best value for the Property will be generate through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtors' estate, but can only be achieved if Secured Creditor's Consent is first obtained. That is why the Trustee believes that retaining BKRES to obtain Secured Creditor's Consent is in the best interests of the Debtors' estate.

14.     In no event will the estate have any obligation to pay BKRES. The terms of the BKRES Agreement provide that BKRES is only entitled to payment if and when (a) Secured

---

[2] BKRES is the broker affiliate for BK Global (http://www.bkginc.com/).

Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

15. BKRES will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

16. The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement are reasonable in light of the extensive experience of BKRES and the nature of the services they provide.

17. BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit A* is an Affidavit of Disinterestedness of BKRES.

## CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Dated: October 20, 2016        GELLERT SCALI BUSENKELL & BROWN LLC

By:    /s/ *Gary F. Seitz*
Gary F. Seitz (PA ID #52865)
Holly E. Smith (PA ID #203979)
Gellert Scali Busenkell & Brown LLC
The Curtis Center
601 Walnut Street, Suite 470 West
Philadelphia, PA 19106
Telephone: 215-238-0010
Facsimile: 215-238-0016
gseitz@gsbblaw.com
hsmith@gsbblaw.com
*Counsel to the Chapter 7 Trustee*